STATE ex rel ANDERSON, Respondent, v. SKARPNESS, Appellant.

(229 N. W. 937.)

(File No. 6967. Opinion filed March 21, 1930.)

*Hugh S. Gamble,* of Sioux Falls, for Appellant.

*Lucius J. Wall* and *Theodore R. Johnson,* both of Sioux Falls, for Respondent.

CAMPBELL, J. This is a proceeding instituted for the purpose of establishing that defendant was the father of relator's illegitimate child and to enforce his obligation to support such child. The matter coming on regularly for trial, the jury found in favor of the defendant, and, in reply to a special interrogatory, specifically found that defendant was not the father of the child born to plaintiff.

Thereafter, on plaintiff's motion, the learned trial judge made and entered his order granting a new trial, from which order defendant has appealed.

The grounds recited in the order for granting the new trial are as follows: "Plaintiff's Specification of Error No. 2 and the affidavits showing the bias and prejudice of the jury. The affidavits show that there was irregularity in the proceedings of the jury and that there was misconduct on the part of the jury, and that in the interest of justice a new trial should be granted."

The specification of error No. 2 relates to the following fact situation: On cross-examination plaintiff's counsel asked defendant the following question: "Q. Do you recall saying this to Miss Anderson, in the presence of these people, something to the effect: 'How much money do you want to settle this?' "

To this defendant's counsel objected as follows: "Objected to as improper cross examination; not having been gone into on direct examination, relating to a compromise or proposed compro-

mise, which is incompetent and misconduct on the part of the state's attorney." And the court sustained the objection. We incline to think that the court ruled the matter properly on the ground that the proceeding is civil in its nature, and that the language used, if used, was not in any sense an admission, but had reference merely to a possible compromise or adjustment of plaintiff's claim without in any manner admitting the justice or validity of the claim. In any event, we are fully convinced that, if the court erred in this ruling, such ruling was not prejudicial to plaintiff under the circumstances of this case, and in light of the situation at the time the ruling was made, and in view of other testimony received.

With reference to the matter of irregularity in the proceedings of the jury or misconduct of the jury, the affidavits presented utterly failed to show any misconduct of the jury in this case or with reference to this case. The showing seems to be that at that particular term of the circuit court nine cases were tried to the jury, and that the jury found for the defendants in all of such cases excepting one, and apparently at least two of the attorneys for plaintiffs in the nine cases were willing to admit that they had meritorious causes of action, and that they should have prevailed. In other words, the learned trial judge seems to have granted this new trial on the general theory that the entire jury panel for that term, from which the jurors who tried this case were selected, seemed somewhat predisposed in favor of parties defendant rather than parties plaintiff.

We think there is nothing in the record to justify the granting of the new trial. The testimony in behalf of plaintiff is extremely unsatisfactory and sharply contradicted, and the verdict of the jury on the testimony before it, as indicated by the record, does not appear to merit criticism.

The order appealed from is reversed, and the cause remanded, with directions to enter judgment on the verdict.

BROWN, P. J., and POLLEY, SHERWOOD, and BURCH, JJ., concur.